[No. B042228. Second Dist., Div. Four. Nov. 16, 1989.]

ARMSTRONG WORLD INDUSTRIES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MORAN CONSTRUCTION COMPANY et al., Real Parties in
Interest.

**COUNSEL**

Munger, Tolles & Olson, Stephen M. Kristovich and M. Edward Whelan III for Petitioner.

No appearance for Respondent.

William M. Harmon, Ryan, Feldman & Brzoviv, Lana Feldman and Joseph J. Ryan for Real Parties in Interest.

**OPINION**

**WOODS (A. M.), P. J.**—This original proceeding in mandate presents the narrow "good-faith settlement" issue of whether a defendant tortfeasor's waiver of litigation costs in settling with a plaintiff constitutes "consideration paid" for the settlement within the meaning of section 877 of the Code

of Civil Procedure,[1] so as to reduce plaintiff's total recovery against nonsettling defendants proportionately.

We determine that by operation of section 877, subdivision (a), a waiver of litigation costs by a settling defendant effects a reduction in the liability of nonsettling defendants in the same manner as though the settlement involved payment of the equivalent amount to plaintiff in cash.

The facts giving rise to this proceeding are simple and not in material dispute.

In September 1985, 10 occupants of a new office building filed suit against various entities responsible for construction of the building, claiming personal injuries from toxic chemicals that were being generated within the building.

In December 1986, plaintiffs added petitioner in place of a fictitiously named defendant. Petitioner had installed ceiling tiles in the building. Plaintiffs allege the tiles leaked formaldehyde and contributed to their personal injuries and loss of earnings. The various defendants filed cross-complaints against one another.

In February 1989, petitioner obtained summary judgment against one group of ten plaintiffs (the Call plaintiffs) on the basis that their action against petitioner was barred by the applicable statute of limitations.

After judgment was entered, the Call plaintiffs and petitioner entered into a settlement whereby plaintiffs would forbear from appealing the summary judgment in consideration for petitioner forbearing from seeking an award of the costs it incurred in defending the action for two years. Pursuant to the settlement, plaintiffs did not appeal and petitioner did not seek an award of costs.

In March 1989, petitioner filed its motion for an order confirming its settlement as one made in "good faith" and dismissing the pending cross-complaints against it.

The motion was supported by a declaration by counsel stating that petitioner's litigation costs concerning the "Call plaintiffs" are estimated to total $15,000. The motion was also supported by authorities and exhibits material to the issue of petitioner's "reasonable range" of comparative fault

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

for the toxic chemical injuries and to the issue of the plaintiffs' potential total recoverable damages.

The nonsettling defendants filed opposition contending that under *Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985) 38 Cal.3d 488 [213 Cal.Rptr. 256, 698 P.2d 159], as a matter of law, a costs-waiver settlement by a defendant entitled to dismissal under a statute of limitations may not be in "good faith." They also urged that petitioner's settlement does not fall within the *Tech-Bilt* "reasonable range" of petitioner's probable liability.

Respondent denied the motion on the ground that petitioner's waiver of costs could not effect any economic benefit to the nonsettling defendants as a setoff against a subsequent plaintiffs' judgment. Respondent made no express finding whether $15,000 was within petitioner's "reasonable range" of probable liability. Respondent did state that, if the settlement had included an express agreement by plaintiffs permitting a $15,000 offset against any judgment they recover against the nonsettling defendants, then the settlement might have been approved.

The petition for writ of mandate followed.

We issued an alternative writ directing respondent to reconsider petitioner's motion on the basis that the waiver of costs is legal consideration effecting a corresponding reduction in the liability of the nonsettling defendants.

I

Respondent's denial of petitioner's motion is based on the premise that the settlement could confer no economic benefit to the nonsettling defendants because there was no express agreement by plaintiffs that petitioner's costs waiver would reduce the liability of the nonsettling defendants. Respondent concluded that the settlement thus fails to meet the statutory objective of fair apportionment of liability, as explained in *Abbott Ford, Inc.* v. *Superior Court* (1987) 43 Cal.3d 858, 877-878 [239 Cal.Rptr. 626, 741 P.2d 124], in the context of sliding-scale settlements.

We find this analysis flawed. The controlling statutes do not distinguish between types of legal consideration for purposes of effecting the section 877, subdivision (a) reduction in the liability of nonsettling tortfeasors. The cases hold that settlements involving legal consideration other than a direct payment of money will effect such a reduction if the *Tech-Bilt* "reasonable range" test is otherwise met.

The source of the "reduction" or "offset" criterion for "good faith" settlements is section 877, subdivision (a). It provides that a good faith settlement between a plaintiff and less than all defendants ". . . shall reduce the claims against the others [nonsettling defendants] in the amount stipulated by the release, the dismissal or the covenant, *or in the amount of the consideration paid for it* whichever is the greater." (Italics added.)

By its terms, section 877, subdivision (a), effects the same automatic reduction in nonsettling defendants' liability for all judicially confirmed "good faith" settlements. The statute does not impose requirements as to how or when consideration is to be paid under a settlement agreement. (See *Abbott Ford, Inc.* v. *Superior Court, supra,* 43 Cal.3d at pp. 874, 877, & 877, fn. 21, and *Southern Cal. Gas Co.* v. *Superior Court* (1986) 187 Cal.App.3d 1030, 1035 [232 Cal.Rptr. 320].)

Neither does case law create any proscriptions against payment of consideration by other than immediate, direct payment of money. The analysis in *Abbott Ford, Inc.* v. *Superior Court, supra,* 43 Cal.3d at pages 877-887, determining what may constitute "consideration paid" under section 877, subdivision (a), reflects that the underlying costs-waiver settlement conferred cognizable consideration.

In the context of the sliding-scale, contingent-payment settlement before it (where the settling defendant made no payment contemporaneous with the settlement, and promised later payment only if plaintiffs recovered less than $3 million from the nonsettling defendants), *Abbott Ford* holds that if the settling defendant has at the time of settlement ". . . realistically paid a 'consideration' that is within its *Tech-Bilt* 'ballpark,' and if the nonsettling defendants obtain a reduction in the plaintiff's claims against them in an amount equal to that consideration, the statutory fair apportionment objective should be satisfied." (*Abbott Ford, Inc.* v. *Superior Court, supra,* 43 Cal.3d at p. 877, fn. omitted.) *Abbott Ford* goes on to hold that the amount of noncash consideration given in such settlements may be fixed by reasonable valuation by the settling parties (but subject to disputation by those opposing court approval of the settlement). Nonsettling defendants benefit from a proportionate section 877, subdivision (a) reduction in their liability to the settling plaintiff even though the settling defendant has made no direct payment of money to that plaintiff. (*Abbott Ford, Inc.* v. *Superior Court, supra,* at pp. 877-878, 886-887.)

In the context of the underlying cost-waiver settlement, the *Abbott Ford* analysis teaches that valuable consideration may be "paid" within the meaning of section 877, subdivision (a) absent an actual physical transfer of

funds. It also shows that noncash consideration will effect a proportionate section 877, subdivision (a) reduction in the liability of nonsettling defendants, to the extent of the value of the noncash consideration given.

These same principles recognized in *Abbott Ford* were earlier applied in *Southern Cal. Gas Co.* v. *Superior Court, supra,* 187 Cal.App.3d at page 1035, to a noncontingent payment settlement highly analogous to a cost-waiver settlement. There the settling defendant assigned certain tort causes of action to plaintiffs as part of its noncontingent settlement payment. In its writ opinion (per Kaufman, J.) the Court of Appeal holds that the settling defendant's assignment of actionable tort causes constituted valuable consideration, which by operation of section 877, subdivision (a) effected a proportionate reduction of the nonsettling defendants' liability. In dictum, the court suggested that the precise value of the assignment, for purposes of determining the liability reduction conferred upon the nonsettling defendants, may be fixed by the settling parties' declarations.

So, contrary to respondent's view, operation of the section 877, subdivision (a) setoff does not depend upon any express "offset" provision in the settlement agreement or upon an actual transfer of money.

The cases discussed above demonstrate there is no merit in real parties' contention that petitioner's forbearance from seeking an award of litigation costs may not constitute legal consideration. ■ Moreover, it is a fundamental principle of contract law that forbearance from exercising a legal right constitutes legal consideration. (*Healy* v. *Brewster* (1967) 251 Cal.App.2d 541, 551 [59 Cal.Rptr. 752].) Also, forgiveness of a prior indebtedness is legal consideration for a new contract.

As petitioner has pointed out from the outset, the identical consideration to the settling plaintiffs (and the identical benefit to the nonsettling defendants) could have been achieved by the more circuitous route whereby petitioner would obtain a $15,000 costs award, receive plaintiffs' $15,000 payment thereon, and then give plaintiffs a $15,000 settlement check from that fund. The distinction urged by real parties is purely one of form.

## II

■ Neither is there merit to real parties' contention that, as a matter of law, under *Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates, supra,* 38 Cal.3d 488, a settlement may not be in "good faith" where defendant's consideration is a waiver of costs.

In *Tech-Bilt,* the statute of limitations had run against the defendant. When the statute of limitations bar was discovered by plaintiffs, defendant had incurred only $55 in costs. Defendant settled with plaintiffs by waiving its $55 costs without any view toward its probable substantial share of liability on the merits of plaintiff's action. *Tech-Bilt* holds only that the essentially valueless settlement was not within the "reasonable range" of the defendant's probable liability and thus did not satisfy the section 877.6 objective "of allocating costs equitably among multiple tortfeasors." (*Tech-Bilt, supra,* 38 Cal.3d at pp. 501-502.)

Real parties also argue that *Tech-Bilt* disapproves all costs-waiver settlements by defendants shielded from suit by a statute of limitations. Real parties' interpretation of *Tech-Bilt* is refuted by Tech-Bilt's grounding of its holding squarely upon its "reasonable range" test and by its detailed discussion, at page 501, approving *Widson* v. *International Harvester Co.* (1984) 153 Cal.App.3d 45 [200 Cal.Rptr. 136], as properly applying the principles underlying that test to a costs-waiver settlement.[2]

### III

Finally, we dispose of real parties' contentions that were not raised in the proceedings below. Consideration of the merits of most of these new contentions is barred by fundamental rules of appellate review. None of the contentions has merit.

■ We first reject real parties' new argument that petitioner's waiver of costs did not constitute legal consideration. The argument is that because petitioner did not timely move for a costs award before the settlement, its forbearance from doing so, by reason of its settlement-agreement promise, resulted in a postsettlement failure of legal consideration when the period for seeking such costs ran.

This is a sophistic argument. The subject settlement was entered into when petitioner had the legal right as prevailing party to seek a costs award. The consideration given by petitioner was its promise to forbear from exercising its legal right to seek costs (not to forbear from enforcing a costs award). Such a promise to forbear from exercising a legal right is legal consideration supporting a contract. (*Healy* v. *Brewster, supra,* 251

---

[2] In *Widson* v. *International Harvester Co., supra,* 153 Cal.App.3d 45, the statute of limitations had run as to the settling defendant tortfeasor. Defendant nevertheless paid $30,000 to settle with plaintiff. *Widson* held that the settlement had properly been determined to be in "good faith" because defendant's consideration was reasonable in light of his potential liability and plaintiff's probable range of recovery in the action. (*Id.,* at p. 58.)

Cal.App.2d at p. 551.) The implicit false premise in real parties' argument is that the sufficiency of a promise to forbear as legal consideration is to be evaluated not at the time of the contract but in the future when the underlying right lapses by reason of the failure to have exercised it.

■ Real parties also advance the new contention that no evidentiary proof of the amount of litigation costs was adduced below. Although evidence of the value of the costs waiver was presented in the form of an attorney declaration below, we decline to entertain real parties' contention because it was never raised below. This contention involves a factual issue and evidentiary objections that should have been raised in real parties' initial opposition. Had this issue been raised below, it would have permitted a ruling and given petitioner the opportunity to cure any evidentiary defect determined to exist. (*Bogacki* v. *Board of Supervisors* (1971) 5 Cal.3d 771, 780 [97 Cal.Rptr. 657, 489 P.2d 537]; *Haskell* v. *Carli* (1987) 195 Cal.App.3d 124, 129 [240 Cal.Rptr. 439].)

Moreover, whether petitioner's costs totaled at least $15,000 is not a critical issue here. Rather, the issue is whether $15,000 would confer a fair proportionate reduction of real parties' liability to plaintiffs if the settlement were approved as being in "good faith." The record in this proceeding shows that plaintiffs were served with notice of petitioner's section 877.6 motion and all subsequent papers and orders concerning that motion. Plaintiffs, represented by counsel, were aware that they would be subject to a $15,000 reduction of their recovery from the nonsettling defendants if petitioner's motion were granted. Yet no plaintiff has opposed petitioner's motion or otherwise disputed the $15,000 figure. This being so, real parties have no cause to dispute for the first time in this mandate proceeding whether petitioner's costs in fact amounted to at least the $15,000 value.

Finally, real parties now complain that no proof was adduced as to how the $15,000 reduction would be apportioned as between the 10 plaintiffs. Consideration of this belated contention in this proceeding is barred because the factual issue was not raised in the trial court where real parties had the burden of discrediting the settlement. In addition, real parties' new apportionment issue appears relatively insignificant. The 10 plaintiffs settled with petitioner as a group represented by the same counsel. There is no indication that an equal apportionment of the $15,000 reduction among 10 plaintiffs would render the settlement unfair.

## IV

Let a peremptory writ of mandate issue directing respondent to vacate its orders of April 12 and May 17, 1989, which denied the motion of petitioner,

Armstrong World Industries, Inc., for a "good faith settlement determination," and thereafter reconsider that motion on the basis that petitioner's waiver of litigation costs will effect a corresponding $15,000 reduction in the liability of the nonsettling defendants to plaintiffs.

McClosky, J., and George, J., concurred.