In re J. Mercedes GORINA, Debtor.

No. SV 01–16208–KL.

United States Bankruptcy Court, C.D. California.

Nov. 19, 2002.

Gary A. Starre, Starre & Cohn, Los Angeles, CA, for Debtor.

Elizabeth F. Rojas, Los Angeles, CA, Chapter 13 Trustee.

### MEMORANDUM AND ORDER ON OBJECTION TO CLAIM OF BILLIE MILAM WEISMAN

KATHLEEN T. LAX, Bankruptcy Judge.

J. Mercedes Gorina, chapter 13 debtor in the above-captioned case ("Debtor" or "Gorina"), objects to Claim # 4 filed by Billie Milam Weisman ("Weisman") in the amount of $476,953.33. Gorina asserts that Weisman fails to give proper credit for monies received from settling co-defen-dants and that attorneys' fees, if any, which may be allowed against Gorina should be limited to a proportionate share, allocated in accordance with her partic-ipation in or importance to the case.

Weisman filed an opposition to Gorina's objection. The matter came on for hear-ing and was submitted for decision.

### BACKGROUND FACTS

#### Pre-bankruptcy Activity

Weisman's claim against Gorina arises out of an action in the California Superior Court entitled *Weisman v. Cohen,* Case no. SC 040816 (the "State Court Action") concerning the purchase of a residence in Holmby Hills. The State Court Action sought damages based on construction de-fects, breach of contract and breach of warranty. Gorina was one of eleven co-defendants.

After four years of litigation, the case was tried in November and December 1999. During the trial, Weisman settled with the general contractors and one of the sellers for $2.1 million. Trial proceeded against the remaining defendants. Weis-man obtained a jury verdict of $1,812,065 in compensatory damages against three sellers, Gloria Shulman, Carmen Gomez, and the debtor Gorina, jointly and several-ly, on a single cause of action, breach of warranty. Gorina successfully defended against six other causes of action for fraudulent misrepresentation (non suit), fraudulent concealment (non suit), breach of purchase and sale contract (jury ver-dict), negligence based on breach of duty of design and construction (jury deadlock), breach of duty based on violation of the requirements of the building code (jury deadlock) and breach of statutory duties of disclosure (jury deadlock).

The trial court ruled that the settlement proceeds offset the award of compensatory damages, leaving no net recovery thereon

due to Weisman. The court granted Weisman the right to recover her costs in the amount of $24,520.33, jointly and severally against Gorina, Schulman and Gomez. The trial court declined to award attorneys' fees in her favor. (See Amended Judgment after Trial by Jury, filed on February 22, 2001 in the State Court Action.)

Weisman appealed. On March 29, 2001, the Second Appellate District affirmed the trial court's order taxing costs and reversed its order denying attorneys fees. The appellate court found that the contractual language on which the request for attorneys' fees was based was sufficiently broad to encompass relief granted on the breach of warranty claim, regardless of whether that claim sounded in contract or tort. The appellate court also found that application of the settlement proceeds to offset the entirety of the compensatory damages did not negate the fact that Weisman prevailed at trial on liability and damage issues. The case was remanded to the trial court to "calculate a reasonable fee award under the purchase agreement's attorney fee clause, based on plaintiff's status as the prevailing party." (See Court of Appeal Opinion (unpublished), filed March 29, 2001.)

On June 26, 2001, Gorina filed bankruptcy in this court.

### Post-bankruptcy Activities

On August 3, 2001, after the filing of this bankruptcy case, Weisman filed a motion in the State Court Action against Shulman, Gorina, and Gomez seeking an award of attorneys' fees of $400,000 out of $450,000 for trial, $35,000 for post-trial motions and proceedings, $15,000 for attorneys fees incurred on the appeal, and $1,615.66 for costs incurred in the appeal, for a total of $451,615.66. This court is informed that the trial court in the State Court Action granted Weisman's motion.

### The Proof of Claim

Weisman's proof of claim, filed in the bankruptcy case on November 13, 2001, asserts a claim in the amount of $476,953.33 based on "Judgment for breach of warranty in sale of real property, order for attorneys fees....Judgment 2/22/01; order 8/3/01." More specifically, the elements of Weisman's $476,953.33 claim are:

(1) $24,520.33 in costs awarded in the State Court Action and upheld on appeal, plus interest in the amount of $817.34, calculated at 10% for 4 months from February 22, 2001, to the date of bankruptcy on June 22, 2001, for a total of $25,337.67;

(2) $415,615.66 in fees and costs sought (and awarded post-petition) in the State Court Action, consisting of:

(A) $400,000 in attorneys fees through trial;

(B) $35,000 for post-trial motions and proceedings;

(C) $15,000 for attorneys fees on appeal; and

(D) $1,615.66 as costs incurred on appeal.

### DISCUSSION

■ Resolution of the Debtor's objection to Weisman's proof of claim requires this court to apply both state and federal law. The status and effect of Weisman's claim is determined in accordance with federal bankruptcy law. The validity and extent of the claim is determined according to California law. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). Certain issues raised in the pleadings are put to rest or narrowed by direct application of appropriate state or federal law.

### Res Judicata Governs Prevailing Party Status and Certain Costs

■ The Debtor objects to the entirety of Weisman's claim on various grounds, including a late-asserted contention in Gorina's second supplement that this court may exercise its discretion to find that there is no prevailing party or that Gorina is the prevailing party. Such is not the case. Certain issues decided prior to the commencement of this case bind the parties in the bankruptcy court. The designation of a prevailing party has been litigated in the state court, decided in the state courts, and is no longer subject to appeal. The California Appellate Court's prepetition decision that Weisman is the prevailing party binds this court. Similarly, the California Appellate Court's decision affirming the award of costs through February 2001 against Gorina in the amount of $24,520.33 binds both Weisman and Gorina. Neither the amount nor the designation as costs is open for reconsideration here.

### Post-bankruptcy Rulings by the State Court Are Void as to Debtor

■ Weisman suggests that this court ought to adopt the trial court's post-bankruptcy findings against Shulman and allow an additional $451,615.66 in fees and costs on the grounds that the trial court is in the best position to make such findings. Weisman acknowledges that the automatic stay which arose on the filing of Gorina's bankruptcy prevented the State Court from proceeding against Gorina, Weisman also argues that this court can grant relief from stay to allow those findings to set the amount of the claim.

■ This court disagrees. First, Ninth Circuit authority makes it clear that actions taken in violation of the automatic stay are void, not voidable. *Lopez v. Specialty Restaurants Corp., (In re Lopez),* 283 B.R. 22, 32 (9th Cir. BAP 2002); *Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 574–75 (9th Cir. 1992). Second, no motion for relief from stay has ever been filed in this case. Third, neither Gorina nor Gomez defended against the post-bankruptcy motion in the State Court Action and it is alleged that Schulman, as well, did not mount a defense. Although Weisman asserts that the trial court rejected the arguments being asserted by the Debtor in this objection to claim, that does not appear evident from the record and would not, in any case, be binding on the Debtor if decided post-bankruptcy.

The fact that Gorina is jointly and severally liable with Schulman on the judgment for compensatory damages does not change this analysis. Weisman apparently elected early in the case to rely on the proof of claim process for determining Gorina's debt, without seeking to go to the state court forum in which it received its award for fees against Schulman. In the absence of collateral estoppel, res judicata, or consent, each forum must make its own determinations of fact and law. The potential for inconsistent results is inevitable.

### Violation of the Co–Debtor Stay Is Not An Issue

Although Gorina alleges that Weisman's post-bankruptcy motion to the State Court violated the co-debtor stay of 11 U.S.C. § 1301, that does not appear to be the case. The co-debtor stay protects an individual that is liable with the debtor on a consumer debt. The State Court judgment in this case does not arise out of a consumer debt.

### Debtor Is Not Entitled to Offset Costs or Attorneys Fees Under California Code of Civil Procedure § 877.

■ Gorina asserts, among other things, that $293,935 is available for offset against

any attorneys' fees and costs awarded or allowed against her and in favor of Weisman as a prevailing party. That is the amount by which the settlement received by Weisman ($2,100,000) exceeds the amount awarded against Gorina for compensatory damages ($1,812,065). This court concludes otherwise.

### Attorneys' Fees Are An Element of Costs

California Code of Civil Procedure ("CCP") § 877 provides, in pertinent part, that a release that is given in good faith before a judgment or verdict "shall not discharge any other party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release... or in the amount of the consideration paid for it, whichever is greater."

Nothing in the statutory language directly states that the reduction in the claims against co-defendants precludes a credit or offset for fees and costs incurred by and awarded to a plaintiff. However, in *Reed v. Wilson ("Reed")*, 86 Cal.Rptr.2d 510, 513, 73 Cal.App.4th 439, 444–45 (1999), the California Court of Appeals determined that the term "claims," within the meaning of § 877, refers to a claim of liability for damages and not to costs awarded to a prevailing party after the claim of liability has been adjudicated.

The facts in *Reed* are similar to the facts in the instant case. In *Reed*, the plaintiff sued several defendants for negligence, fraud and breach of contract in connection with a sale of real property. Before trial, the plaintiff settled with certain defendants for $37,500. Plaintiff then went to trial against the non-settling defendants and was awarded a judgment for $20,250. The trial court ruled that the judgment of $20,500 was offset by the $37,500 settlement, thereby reducing the judgment to zero. Nonetheless, the trial court found plaintiff to be the prevailing party and awarded plaintiff $7,635.60 in costs. The trial court further found that the nonsettling defendants were not entitled to offset the cost award against the excess portion of the settlement proceeds. The Court of Appeals affirmed.

Although the *Reed* opinion does not make any reference to attorneys' fees as an element of the costs awarded in that case, California Civil Code ("CC") § 1717, which governs attorneys' fees and costs in an action on a contract that specifically provides for recovery of such fees and costs, also states that "[r]easonable attorney fees shall be fixed by the court, and shall be an element of the costs of suit."

*Reed* acknowledges an exception to the "no offset of costs" rule, citing *Regan Roofing Co. v. Superior Court ("Regan Roofing")*, 21 Cal.App.4th 1685, 27 Cal. Rptr.2d 62 (1994). In *Regan Roofing*, a nonsettling defendant challenged the good faith of a settlement which allocated a portion of the consideration to costs. The nonsettling defendant complained that he would not get the benefit of an offset for this portion of the consideration. The appellate court disagreed with the nonsettling defendant's analysis and affirmed the trial court's finding that the settlement was in good faith. The *Reed* court explains that "[t]he court in *Regan Roofing Co.* simply acknowledged that, where costs are a part of the settlement consideration, nonsettling defendants should get an offset." *Reed*, 73 Cal.App.4th at 446, 86 Cal. Rptr.2d at 514.

### Weisman's Settlement Did Not Cover the Costs, Including Any Fees, of the Action Against Gorina

On the issue of costs, Weisman's settlement agreement with defendants Al Homer and Al Homer, Incorporated ("Homer") provides, at page 2, ¶ 8, that "[e]ach

party is to bear their own attorney's fees and costs of suit." The Homer agreement further states, at pages 1–2, ¶ 5, "it is the intention of the parties hereto to completely resolve all claims and disputes by and between the parties hereto, and only as to the parties hereto, arising from the SUBJECT PROPERTY as raised in the LAWSUIT, based on the claims therein against Al Homer and Al Homer, Incorporated." The settlement agreement with defendant Daniel Warn ("Warn"), at ¶ 4.4, provides that "[e]ach party is solely responsible for his or her own court costs, attorneys' fees and any and all other expenses incurred in connection with the Action."

Gorina asserts that an award against Gorina by Weisman for attorneys' fees incurred in pursuit of claims against the settling defendants would give Weisman a double recovery and overcompensate her for her fees. Instead, the Debtor urges the court to find that the cost/fee provisions of the settlement agreements set forth above should be construed as an allocation of settlement consideration to costs (fees and expenses) within the purview of the rule set out in *Regan Roofing*. This would entitle Gorina to have the benefit of an offset for fees attributable to claims against the Homer and Warn defendants. This court disagrees.

■ On the one hand, as the *Regan Roofing* court notes, "a party's forbearance from seeking an award of litigation costs may constitute legal consideration for settlement," citing *Armstrong World Industries, Inc. v. Superior Court*, 215 Cal. App.3d 951, 957, 264 Cal.Rptr. 39 (1989). However, compromise agreements settle those matters which are clearly intended by the parties and do not extend to matters which the parties never intended to include therein. *Reed*, 73 Cal.App.4th at 445, 86 Cal.Rptr.2d at 514 (citing *Folsom*

*v. Butte County Assn. of Governments*, 32 Cal.3d 668, 677, 186 Cal.Rptr. 589, 652 P.2d 437 (1982)).

In this case, the language of the settlements expresses a clear intention, as between the settling parties, to cover all fees and costs based on the claims between the settling parties. However, there is nothing in the agreements or in the records of this proceeding to indicate what, if any, value was allocated to this element by the parties or whether, in effect, the mutual releases resulted in no net value attributable to either plaintiff or settling defendants. The instant case is very different from the one presented in *Regan Roofing*. *Regan Roofing* involved a complex settlement agreement between homeowners and a developer which contained a detailed allocation of value to various items of consideration, including costs. In addition, the settling parties in *Regan Roofing* conceded that the nonsettling defendants would be entitled to receive an offset for the costs as allocated. *Regan Roofing*, 21 Cal.App.4th at 1709, 27 Cal.Rptr.2d at 76.

In addition to the foregoing, each settlement agreement also states an affirmative intention to resolve only those claims and disputes between the settling parties. There is no basis for this court to conclude that the settlements at issue included a forbearance of fees and costs that would cover the fees and costs "of pursing the action against the remaining defendant." *Reed*, 73 Cal.App.4th at 441, 86 Cal. Rptr.2d at 511.

*Weisman Is Entitled to Reasonable Attorneys Fees*

The question of whether Weisman is entitled to an award of attorneys fees in the State Court Action against Gorina is not subject to dispute or review by this

court.[1] Prior to the commencement of this bankruptcy case, the Second Appellate District held that Weisman was the prevailing party on liability and damage issues.[2] The case was remanded to the trial court to "calculate a reasonable fee award under the purchase agreement's attorney fee clause, based on plaintiff's [Weisman's] status as the prevailing party."[3] Gorina filed bankruptcy before a determination on remand was made. The issue is now before the bankruptcy court in the context of Gorina's objection to Weisman's claim for fees.

*Standards for Calculating a Reasonable Fee*

■ The trial court has broad authority to determine the amount of a reasonable attorney fee award. *PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 95 Cal.Rptr.2d 198, 206, 997 P.2d 511 (2000); *Serrano v. Priest,* 20 Cal.3d 25, 49, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977). In this case, that evaluation has been shifted from the court in which the action was tried to the bankruptcy trial court, applying California law.

■ In California, the fee setting inquiry usually begins with the "lodestar," i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. *Id.,* 95 Cal.Rptr.2d at 206, 997 P.2d 511. "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum v. Moses,* 24 Cal.4th 1122, 104 Cal. Rptr.2d 377, 384, 17 P.3d 735 (2001).

■ California courts have consistently held that a computation of the time spent on a case and the reasonable value of that time is fundamental to determining an appropriate attorney fee award. *PLCM Group, Inc.* 95 Cal.Rptr.2d at 206, 997 P.2d 511, *quoting Margolin v. Regional Planning Com.,* 134 Cal.App.3d 999, 1004–1005, 185 Cal.Rptr. 145 (1982). "After the trial court has performed the calculations [of the lodestar], it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and if so, shall reduce the section 1717 award so that it is a reasonable figure." *Id., quoting Sternwest Corp. v. Ash,* 183 Cal.App.3d 74, 227 Cal.Rptr. 804, 806 (1986).

■ In determining what constitutes a reasonable attorney's fee when a contract or statute provides for such an award, courts should consider the nature of the litigation, its difficulty, the amount involved, the skill required in its handling,

1. The State Court Action arose from the sale of real property. The purchase agreement provides: "Should suit be commenced by any party to this contract arising out of a dispute regarding this contract, then the prevailing party shall be entitled to reasonable attorneys's fees and costs from the non-prevailing party." Purchase Agreement ¶ 26.

2. See Court of Appeals Opinion (unpublished), filed March 29, 2001.

3. California Civil Code § 1717(a) provides, in pertinent part: "In any action on a contract, where the contract specifically provides that attorneys' fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs... Reasonable attorneys' fees shall be fixed by the court, and shall be an element of the costs of suit."

the skill employed the attention given, the success or failure and other circumstances in the case. *Id.* at 206–207, 997 P.2d 511, *quoting Melnyk v. Robledo,* 64 Cal.App.3d 618, 134 Cal.Rptr. 602 (1976).

### Analysis of Reasonableness Factors

Weisman submitted evidence to support her request for attorneys' fees. The documents provided include Weisman's state court motion for fees, the declaration of John R. Fuchs in support of that fee motion, billing statements, the state court memorandum of costs, the motion and declaration after trial and after appeal, and the memorandum of costs after appeal.

### Nature of the Litigation

The State Court Action concerned the purchase of a residence in Holmby Hills. Weisman sought damages based on at least seven causes of action: fraudulent concealment, breach of purchase and sale contract, negligence based on breach of duty of design and construction, breach of duty based on violation of the requirements of the building code, breach of statutory duties of disclosure, and breach of warranty. Gorina was one of eleven co-defendants.

### Difficulty

At least four factors reflect the difficult nature of this litigation: the number of causes of action, the nature of the causes of action, the number of defendants, and the time required to reach a resolution. The State Court Action involved years of litigation. The case was tried for nearly six weeks, followed by a month of jury deliberations. Following the trial, there were months of further proceedings on post-trial issues, including an appeal to the California Court of Appeals.

### Amount Involved

Attorneys' fees were incurred from August 1995 through early 2000. In addition to costs in the amount of $26,135.99, Weisman claims $450,000 in attorneys' fees.

### Skill Required and Employed

The action apparently involved advanced litigation skills and specialized knowledge of construction means and methods. Creditor's lead counsel had over 21 years of experience in practice.

### Attention Given

As noted above, the State Court Action involved approximately four years of pre-trial litigation, a six week jury trial, and over a year of post-trial proceedings to the date of bankruptcy. Among other things, according to the declarations of counsel, Weisman provided more than 1,500 written discovery responses, took depositions of five experts designated by the defendants, and paid over $4,000 in fees to Weisman's own experts.

### Success

Weisman succeeded on one out of seven causes of action against Gorina. Weisman obtained a jury verdict of $1,812,065 in compensatory damages against Shulman, Gomez, and Gorina, jointly and severally, on a single cause of action, breach of warranty. Gorina successfully defended against six other causes of action for fraudulent misrepresentation (non suit), fraudulent concealment (non suit), breach of purchase and sale contract (jury verdict), negligence based on breach of duty of design and construction (jury deadlock), breach of duty based on violation of the requirements of the building code (jury deadlock) and breach of statutory duties of disclosure (jury deadlock).

### Other Circumstances

The evidence indicates that Gorina's attorney spent 962 hours defending her through trial, incurring $168,350.00 in fees and $1,353.00 in costs. Gorina's counsel substituted out of the case on June 28, 2000.

**32**

*Calculation of Reasonable Attorneys Fees Requires Apportionment*

Debtor argues that she should not be held responsible for the entirety of the attorneys' fees incurred by Weisman in the State Court Action because (1) Weisman prevailed on only one out of seven causes of action against Gorina and (2) Gorina was only a small player in the suit and a small factor in the incurrence of fees. This court agrees that apportionment is appropriate in this case.

*Apportionment*

█ The Court has the discretion to apportion fees. *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1111, 51 Cal.Rptr.2d 286 (1996), cert. denied, 519 U.S. 1081, 117 S.Ct. 746, 136 L.Ed.2d 684 (1997). A trial court should exercise this discretion in favor of apportionment in at least two circumstances: (1) cases in which fees are contractually or statutorily recoverable on some but not all causes of action; and (2) cases in which the prevailing party was unsuccessful on a portion of its suit. *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 158 Cal.Rptr. 1, 3, 599 P.2d 83 (1979); *Sokolow v. County of San Mateo,* 213 Cal.App.3d 231, 261 Cal.Rptr. 520, 530–531 (1989).

█ In some cases, apportionment may be unworkable. Where the issues are so interrelated that it is impossible to separate them into claims for which fees are and are not awardable, no apportionment need be made. *Akins v. Enterprise Rent–A–Car Co.,* 79 Cal.App.4th 1127, 1133, 94 Cal.Rptr.2d 448, 452 (2000); *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 158 Cal.Rptr. 1, 4, 599 P.2d 83 (1979). In other cases, like the one before this court, apportionment is required, notwithstanding the difficulties presented by the com-

plexities of the case. As noted by the court in *Heppler v. J.M. Peters Co.,*[4] "[t]he recognized barrier to segregation for purposes of calculating fee awards is inexplicably intertwined issues. Thus, although time-keeping and billing procedures may make a requested segregation difficult they, do not, without more, make it impossible."

*Calculation*

█ Weisman's evidence indicates that her counsel spent more than 2000 hours over the course of this litigation, billing the services of three attorneys at hourly rates of $250, $160, and $150. Weisman seeks an award for fees of $450,000 from Gorina for attorneys' fees incurred in pursuit of all of the defendants and all causes of action.

Counsel's hourly rates are reasonable and the total amount of hours spent and fees incurred are not unreasonable in the case as a whole. However, notwithstanding that Weisman has been designated the prevailing party for purposes of costs and fees, saddling Gorina with all of the fees incurred against all of the parties on all of the causes of action is fundamentally unfair and, therefore, not reasonable. *Heppler,* 73 Cal.App.4th at 1297, 87 Cal. Rptr.2d 497. In fact, Gorina defeated six out of seven causes of action. Weisman obtained a jury verdict against Gorina on a single cause of action, breach of warranty. In addition, the billing sheets reflect that the litigation was vastly more complex and costly as a result of the number of defendants, of which Gorina was only one. The billing sheets as well as the declarations of Weisman's counsel also demonstrate that much of the pretrial expense was due to disputes with defendants other than Gori-

**4.** 73 Cal.App.4th 1265, 1297, 87 Cal.Rptr.2d 497, 523 (1999), citing *Diamond v. John Mar-*  tin Co., 753 F.2d 1465, 1467 (9th Cir.1985) ("*Heppler*").

na, notably Homer, Warn, Crestview Financial, Cohen, and Schulman [5]. There is no finding that Gorina was a co-conspirator with the other defendants and Weisman failed in her attempt to prove fraud by Gorina.

Based on this court's review of the billings offered in support of Weisman's request for fees and the stage of litigation at which such fees were incurred and on consideration of the nature of the causes of action on which Weisman did not prevail against Gorina as well as the one cause of action on which Weisman did prevail, it is the finding of this court that the following award is a fair allocation and award of attorneys' fees and costs to Weisman:

| | |
|---|---|
| (1) pretrial and trial: | $ 90,000.00 |
| (2) costs award confirmed by appellate court | 25,337.67 |
| (3) post trial motions and proceedings | 35,000.00 |
| (4) appeal (including costs) | 16,615.00 |
| | $166,952.67 |

*CONCLUSION*

Debtor's objection to the claim of Weisman is SUSTAINED IN PART and OVERRULED IN PART as set forth in this court's memorandum. Weisman's claim is allowed in the amount of $166,952.67.

IT IS SO ORDERED.

---

5. There are some entries prior to judgment in the State Court Action which reference a "Douglas appeal" and appear to be wholly unrelated to this case.